IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | |
|---|---|
| TWYLA DURHAM, Individually and as Administrator of the Estate of LINDA ERVIN, Deceased,<br><br>    Plaintiff,<br><br>v.<br><br>VIBRA SPECIALTY HOSPITAL OF DALLAS, LLC d/b/a VIBRA SPECIALTY HOSPITAL, VIBRA HOSPITAL OF AMARILLO, LLC d/b/a VIBRA HOSPITAL, and VIBRA HEALTHCARE, LLC,<br><br>    Defendants. | CIVIL ACTION NO.7:23-CV-208<br>(Jury Trial Requested) |

**PLAINTIFF'S ORIGINAL COMPLAINT**

1.   Plaintiff TWYLA DURHAM, Individually and as Administrator of the Estate of LINDA ERVIN, Deceased, brings this case against Defendants VIBRA SPECIALTY HOSPITAL OF DALLAS, LLC d/b/a VIBRA SPECIALTY HOSPITAL, VIBRA HOSPITAL OF AMARILLO, LLC d/b/a VIBRA HOSPITAL, and VIBRA HEALTHCARE, LLC (collectively "Defendants") for medical negligence and Texas law through diversity jurisdiction.

**I.
JURISDICTION AND VENUE**

2. The Court has jurisdiction over the controversy pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000.00 and all plaintiffs are citizens of different states from all defendants.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Texas.

## II.
## PARTIES

4. Plaintiff Twyla Durham ("Ms. Durham") appears individually and as administrator of the Estate of Linda Ervin. Ms. Durham is the daughter of Linda Ervin ("Ms. Ervin") and able to bring this action under the Texas Wrongful Death Act, Tex. Civ. Prac. & Rem. Code § 71.004 and, as an heir, is able entitled to Ms. Ervin's estate under the statutes of descent and distribution. Tex. Prob. Code § 38, § 45, et seq. estate under the statutes of descent and distribution. Tex. Prob. Code § 38, § 45, et seq.

5. Defendant VIBRA SPECIALTY HOSPITAL OF DALLAS, LLC d/b/a VIBRA SPECIALTY HOSPITAL ("Vibra Specialty Hospital") is a foreign limited liability company formed under the laws of Delaware and conducting business in the State of Texas under the registered assumed name of Vibra Specialty Hospital.

6. Defendant VIBRA HOSPITAL OF AMARILLO, LLC d/b/a VIBRA HOSPITAL ("Vibra Hospital") is a foreign limited liability company formed under the law of Delaware and conducting business in the State of Texas under the registered assumed name of Vibra Hospital.

7. Defendant VIBRA HEALTHCARE, LLC ("Vibra") is a foreign limited liability company formed under the laws of Delaware and conducting business in the State of Texas.

## III.
## JURY DEMAND

8. Plaintiff hereby demands that all eligible claims be tried to a jury.

## IV.

**PLAINTIFF'S ORIGINAL COMPLAINT**　　　　　　　　　　　　　　　　　　　　　　　　**Page 2**

## FACTS

9. On July 4, 2021, Ms. Durham visited Ms. Ervin while Ms. Ervin was under the care of Defendants at Defendants' Cornerstone Specialty Hospitals Houston Medical Center located at 1300 Binz Street, Houston, Texas 77004. Ms. Durham notified Defendants that Ms. Ervin was being neglected while under Defendants' care. Specifically, Defendants' staff ignored machine alarms for Ms. Ervin.

10. On July 13, 2021, Ms. Durham met with Ms. Ervin to make a decision on where to obtain better care for Ms. Ervin. During the meeting, Ms. Ervin showed breathing issues. Defendants' staff refused to address the breathing issues. Instead, Defendants' staff downgraded Ms. Ervin from the intensive care unit ("ICU") against Ms. Durham's urging. Around 7:00 p.m. Defendants' staff notified Ms. Durham that Ms. Ervin's condition had turned for the worst.

11. At 6:00 A.M. on July 14, 2021, Defendants notified Ms. Durham that her mother, Ms. Ervin, had passed away. Defendants informed Ms. Durham that the estimated the time of death was between 5:00 A.M. and 5:30 A.M. This estimate is believed to have been given because Defendants had neglected and ignored all timely alerts that Ms. Ervin needed help.

12. At 6:30 A.M. on July 14, 2021, Ms. Durham arrived to visit her deceased mother, Ms. Ervin. Ms. Ervin appeared bloated indicated that Ms. Ervin had passed several hours prior in contrast with the estimate given by Defendants. Thus, upon information and belief, Defendants neglected Ms. Ervin for several hours.

13. Ms. Ervin's death certificate listed four causes of death: (1) airway obstruction; (2) tracheostomy failure; (3) acute and chronic respiratory failure; and (4) bacterial sepsis. These causes are believed to be attributed to Defendants negligence.

14. On an unknown date following the events of July 2021, Defendants purchased Cornerstone Specialty Hospitals Houston Medical Center. Thus, Plaintiff's claims against the purchased Cornerstone Specialty Hospitals have been assumed by Defendants through the doctrine of successor liability.

## V.
## CAUSES OF ACTION

**COUNT ONE: Negligence:**

15. Plaintiff re-alleges the foregoing as though fully set forth herein.

16. Defendants by and through their management, supervisors/directors, physicians, staff, and nurses breached the standard of care in: (1) the manner in which the care was performed; (2) the hiring and retention of incompetent nurses and staff; (3) the failure to have adequate policies, procedures, and enforcement; and (4) the failure to adequately train nurses or staff.

17. These breaches of the standard of care, which Defendants had a duty to uphold, constitute negligence and said breaches proximately caused the resulting injuries and damages.

**COUNT TWO: Gross Negligence:**

16. Plaintiff re-alleges the foregoing as though fully set forth herein.

17. Defendants, directly, and by and through their employees, agents, and servants' acts and or omissions, displayed a heedless and reckless disregard of the rights and welfare of Ms. Ervin. Defendants' acts and or omissions displayed such an entire wants of care and when viewed objectively from the standpoint of the Defendants at the time of the conduct in questions, that they evidence an extreme degree of negligence and malice. These actions are even more disturbing when viewed in light of the magnitude of potential harm, of which Defendants had

actual, subjective awareness. Nevertheless, Defendants proceeded with conscious indifference to the rights, safety, or welfare of Ms. Ervin.

**COUNT THREE *RESPONDEAT SUPERIOR*:**

18. Plaintiff re-alleges the foregoing as though fully set forth herein.

19. At all relevant times, Defendants nurses, employees, agents, and staff were working under the course and scope of their employment for Defendants. Thus, Defendants are vicariously liable under the doctrine of *respondeat superior*.

**COUNT FOUR: WRONGFUL DEATH CLAIM:**

20. Plaintiff re-alleges the foregoing as though fully set forth herein.

21. Ms. Durham loved and cherished Ms. Ervin. She is a statutory beneficiary under the Texas Wrongful Death Act. Tex. Civ. Prac. & Rem. Code § 71.001 et seq. As such, she is entitled to bring claims for her damages as described below.

**COUNT FIVE: SURVIVAL CLAIM:**

22. Plaintiff re-alleges the foregoing as though fully set forth herein.

23. Ms. Ervin died a painful death and suffered consciously at the hands of Defendants. Ms. Durham has been declared the administrator of Ms. Ervin's estate under the Texas Probate Code. Thus, Ms. Durham brings this action as personal and legal administrator of Ms. Ervin's estate.

## VI.
## DAMAGES

**1. WRONGFUL DEATH DAMAGES**

24. Ms. Durham has suffered and will suffer past and future mental anguish, grief, and bereavement, along with past and future loss of companionship and society, along with loss of

care, maintenance, support, services, advice, counsel, and contribution of pecuniary value that she would, in all reasonable probability, have received from Ms. Ervin had Ms. Ervin lived.

## 2. SURVIVAL DAMAGES

25. To reasonably compensate the Estate of Linda Ervin, the estate must be awarded damages as follows: (1) pre-death physical pain; (2) pre-death mental anguish; (3) reasonable and necessary medical, funeral, and burial expenses.

## 3. PUNITIVE DAMAGES

26. Because the conduct involved was either grossly negligent or intentional, Plaintiff is entitled to punitive damages as allowed by law.

## VII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be summoned to appear and answer herein, and that upon final hearing thereof, Plaintiff have:

a. Judgment against Defendants for Plaintiff's past and future damages;

b. Interest on the judgment at the legal rate from the date of judgment;

c. Pre-judgment interest on Plaintiff's damages as allowed by law;

d. All costs of court; and

e. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully Submitted,

**Israel Perez Law, PLLC**


/s/ Israel Garcia Perez III
Israel Garcia Perez III
Texas Bar No. 24102349
SDTX No. 3745629
Israel.Perez@IsraelPerezLaw.com
PO Box 260
Fate, Texas 75132
Phone: (956) 614-1414
Fax:    (972) 942-8935

**ATTORNEY IN CHARGE FOR PLAINTIFF**